1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   TINA LOUISE ROBERTS,                    Case No.  2:22-cv-01694-KJM-JDP (PS)

12                Plaintiff,

13         v.                                ORDER

14   BRIAN BOWMAN, *et al.*,

15                Defendants.

16

17         Plaintiff filed a complaint against two medical doctors, Cara Bergamamo and Andrew

18   Williamson; an enforcement analyst with the California Medical Board, Brian Bowman; and a

19   manager of Studio 15 Lock and Key, Ruth Rivera, together with an application to proceed *in*

20   *forma pauperis*.  Her complaint, however, fails to state a claim.  I will give plaintiff a chance to

21   amend her complaint before recommending dismissal.  I will grant plaintiff's application to

22   proceed *in forma pauperis*, ECF No. 4, which makes the showing required by 28 U.S.C.

23   §§ 915(a)(1) and (2).

24                     **Screening and Pleading Requirements**

25         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

26   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

27   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

28   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

                                        1

1    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

2    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

3    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

4    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

5    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

6    n.2 (9th Cir. 2006) (en banc) (citations omitted).

7           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

8    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

9    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

10   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

11   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

12   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

13   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

14                                                **Analysis**

15          Plaintiff's complaint is incoherent and states no discernible facts supporting a cognizable

16   legal injury.  Plaintiff vaguely alleges that she was denied proper medical care.  But the factual

17   bases for her claims, whatever they might be, cannot be discerned from the complaint's

18   unintelligible allegations.  *See generally* ECF No. 1 at 5 ("Due to the gross neglect by the MD

19   Beramo medical recorder number 701014680 she negeclect to do the full test saying I was a

20   mental and bad girl and and said there due to no police.  The MD and her coworker stuck in the

21   side of head and stuck me two times in my chest get that n[] out of here.  I have I had huge knot

22   and blood in my stool no help because you sin sin aylist neglect." [sic]); *see Jones v. Cmty.*

23   *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some

24   degree of particularity overt acts which defendants engaged in that support the plaintiff's

25   claim.").[1]

26   _____

27        [1] To the extent plaintiff is attempting to assert medical malpractice, negligence, or another
     state law claim, the complaint does not establish the court's subject matter jurisdiction.  Notably,
     the complaint indicates that all parties reside in California.  ECF No. 1 at 2-3; *see Bautista v. Pan*
28   *Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity

                                                      2

1        I will allow plaintiff a chance to amend her complaint before recommending that this

2   action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint

3   will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.

4   2012) (en banc).  This means that the amended complaint will need to be complete on its face

5   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

6   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

7   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

8   defendant's involvement in sufficient detail.  The amended complaint should be titled "First

9   Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an

10  amended complaint, I will recommend that this action be dismissed.

11       Accordingly, it is hereby ORDERED that:

12      1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 4, is granted.

13      2.  Within thirty days from the service of this order, plaintiff must either file an amended

14  complaint or advise the court she wishes to stand by her current complaint.  If she selects the

15  latter option, I will recommend that this action be dismissed.

16      3.  Failure to comply with this order will result in the dismissal of this action.

17      4.  The Clerk of Court is directed to send plaintiff a new form complaint.

18
19  IT IS SO ORDERED.

20
    Dated:   May 9, 2023
21                                                              _____
                                                                JEREMY D. PETERSON
22                                                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27  _____

28  jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the
    pleadings.").