1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TINA LOUISE ROBERTS,                 Case No.  2:22-cv-01694-KJM-JDP (PS)

12                    Plaintiff,          **ORDER**

13          v.                            DENYING PLAINTIFF'S REQUEST FOR
                                          VIDEO CONFERENCE AS UNNECESSARY
14   BRIAN BOWMAN, *et al.*,
                                          ECF No. 9
15
                                          **FINDINGS AND RECOMMENDATIONS**
16                    Defendants.
                                          THAT THE SECOND AMENDED
17                                        COMPLAINT BE DISMISSED FOR
                                          FAILURE TO STATE A CLAIM
18
                                          ECF No. 7
19
                                          OBJECTIONS DUE WITHIN FOURTEEN
20                                        DAYS

21

22          Plaintiff brings this action against several defendants, including two members of the

23   Scripps San Diego emergency room medical staff, a medical board enforcement analyst, and a

24   manager of "Studio 15 Lock and Keys."  ECF No. 7 at 4-5.  The operative, second amended

25   complaint is incomprehensible and fails to allege any basis for federal jurisdiction.[1]  Plaintiff has

26

27          [1] Plaintiff has also filed a first amended complaint, ECF No. 6, but her subsequent
     complaint supersedes it.  Out of an abundance of caution, I have nevertheless reviewed that filing
28   and nothing within it alters my determination that this action should be dismissed.

                                                1

1   already been afforded an opportunity to amend and, given that she is no closer to stating a viable

2   claim, I now recommend that this action be dismissed.  I will deny her request for a video

3   conference as unnecessary.  ECF No. 9.

**Screening and Pleading Requirements**

5   A federal court must screen the complaint of any claimant seeking permission to proceed

6   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

7   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

8   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

9   relief.  *Id.*

10   A complaint must contain a short and plain statement that plaintiff is entitled to relief,

11   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

12   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

13   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

14   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

15   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

16   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

17   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

18   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

19   n.2 (9th Cir. 2006) (en banc) (citations omitted).

20   The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

21   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

22   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

24   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

25   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

26   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

27

28

**Analysis**

Plaintiff's complaint is in significant part incomprehensible.  I can tell that it involves some form of medical complaint, but I cannot discern the specifics.  This problem is not new; I emphasized the unintelligibility of the last complaint in my previous screening order.  ECF No. 5 at 2.  Given that no defendant could reasonably be expected to understand plaintiff's claims, I find that the complaint fails to comply with federal pleading standards.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief.  Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks omitted).

More fundamentally, plaintiff has not established that this court has jurisdiction over her claims.  She indicated that jurisdiction was appropriate because the complaint presented a federal question, ECF No. 7 at 5, but I have not been able to identify any such question.[2]  And jurisdiction does not appear warranted on the basis of diversity insofar as both plaintiff and all named defendants reside in California, *id.* at 4-5.

Plaintiff has already been afforded an opportunity to amend, and she is not closer to stating a cognizable or, indeed, intelligible claim.  I will, therefore, recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that plaintiff's motion for video hearing, ECF No. 9, is DENIED as unnecessary.  If these recommendations are not adopted and this action proceeds, the court will set a hearing whenever it deems it necessary.

Further, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 7, be DISMISSED without leave to amend for failure to state a claim upon which relief may be granted.

---

[2] Plaintiff appears to suggest that there is a federal question based on a "personal and subject health issue," but she cites no applicable statute or other federal law under which this language might fit.  ECF No. 7 at 6.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE